See The Williams [Id. 17,710].

---

## Case No. 9,102.

### MARRETT v. ATTERBURY.

[3 Dill. 444;[1] 11 N. B. R. 225; 2 Cent. Law J. 11.]

Circuit Court, D. Minnesota. Dec. Term, 1874.

BANKRUPT ACT, § 22—FRAUDULENT PROOF OF DEBT —EFFECT ON RIGHT TO DIVIDENDS.

A creditor of a bankrupt included in his proof of debt claims against a bankrupt's estate, part of which was invalid and the rest valid, and made the claim in this manner intentionally, knowing that only part of it was legal, and supported the claim for the whole amount by a false oath: *Held*, that the effect of this fraudulent conduct on the part of the claimant was to disentitle him to any dividends whatever on any part of his claim.

Appeal from the district court of the United States for the district of Minnesota.

[This case was before the court in October, 1874, upon another point. See Case No. 9,103.]

A motion was made in the district court by [Thomas B. Marrett] the assignee in bankruptcy of John W. Baker, surviving partner of Atterbury, Baker & Co., that the proof of the claim or debt of Edward J. C. Atterbury be declared fraudulent as to creditors, and that no dividends be paid thereon. This motion was resisted by the said E. J. C. Atterbury. The claim of said Atterbury, as filed and proved against the estate, was for the sum of $19,155.25, for moneys advanced to the firm at various times from December 30, 1872, to April 13, 1873, as per statement or account annexed to claim. The claimant swore to the correctness of his entire claim in making proof of his debt, and that he held only a note for $10,000 and one for $363. The district court found upon the testimony that the first $10,000 of the amount claimed by E. J. C. Atterbury was intended as an advance to his son (the deceased member of the firm of Atterbury, Baker & Co.), and not provable as against creditors, and that the note for $363, interest thereon, fell in the same category. The district court held that the subsequent advances by the father were made to the firm as loans, and that court, accordingly, made an order reducing the amount of E. J. C. Atterbury's claim to $9,155.25, and allowing it to stand as a valid claim against the estate to that extent. As Baker, the surviving partner, had given

---

[1] [Reported by Hon. John F. Dillon. Circuit Judge, and here reprinted by permission.]

his note for the controverted amount of $10,-000, and had placed the entire claim for $19,-155.25 in the schedule of firm debts, the district court did not, under the circumstances, consider the claim of E. J. C. Atterbury as one so founded in fraud as to taint and vitiate it entirely, and accordingly allowed the amount which was loaned, $9,155.25, to stand as a claim against the estate, and rejected the balance, as having been made as an advance or gift by the claimant to his son.

The following is the opinion of the district judge:

NELSON, District Judge. I think the evidence fully establishes the fact that there should be a diminution of the debt proved by E. J. C. Atterbury. Although he held the note of the firm of Atterbury, Baker & Co. for $10,000, given in January, 1873, it clearly appears that so far as the other creditors of the late firm are concerned it cannot be considered as a valid claim entitled to be entered on the list of debts recorded for dividends. This creditor had many times previous to the execution and delivery of the note to him informed the other creditors of the firm, that the amount specified in this note, and for which it undoubtedly was given, had been advanced to his son who was a member of the late firm of Atterbury, Baker & Co. as capital to carry on the business. Now he cannot be permitted to assert any claim against the assets at this time even upon the theory that they considered their financial condition so improved as to justify their consent to a withdrawal of this capital at any time, and had executed a note for it payable on demand. Baker, the surviving partner, in making up his schedule, has placed the note among the debts of the firm, and in his testimony states that he consented to the execution and delivery of it to the creditor. I think, therefore, under these circumstances, it cannot be considered as a claim founded in fraud which should taint the whole indebtedness proved up by the creditor against the estate. I do not think any collusion between the surviving bankrupt partner and this creditor has been shown, and no deliberate fraud has been attempted to be practiced upon the other creditors which would authorize me to reject the whole debt. The note for $363 given for the interest upon the various drafts which were included to make up the $10,000 advanced as above stated, must also be rejected. This will reduce the debt to that extent in addition to the $10,000.

An order will be entered in accordance with form No. 66, reducing the amount to nine thousand one hundred and fifty-five dollars and twenty-five cents ($9,155.25), which includes the interest up to May 22, 1873.

From this order the assignee in bankruptcy appealed to the circuit court, and there urged that the district court should have disallowed the whole claim, and prohibited it from sharing to any extent in the dividends of the bankrupt estate, at least until the other general creditors were paid in full, for the reason that the claim was founded in fraud, and that the proof of it was fraudulent, and false, and known to be so by the claimant.

The motion of the assignee was made under a provision in section 22 of the bankrupt act [of 1867 (14 Stat. 527)], to the effect that the court shall reject claims founded in fraud, illegality, or mistake. On the appeal, the assignee's counsel, in their brief, "admitted that the amount allowed E. J. C. Atterbury by the district court, to-wit, $9,155.-25 was justly due to him from Atterbury, Baker & Co. or the bankrupt, as the surviving partner at the time he made and filed his proof of debt against the bankrupt's estate, but submits that the attempt of said claimant to sustain his proof of debt for the full amount claimed, $19,155.25, by the false and fraudulent testimony of the claimant himself, has the effect to deprive him of any right to dividends until the other general creditors are paid in full." The appeal was argued before Mr. Justice Miller, at the June term, 1874, and by him taken under advisement. Subsequently, after much consideration, he made the findings of facts and conclusion of law below given.

E. C. Palmer and J. A. Marvin, for assignee.

Morris Lamprey, for E. J. C. Atterbury.

MILLER, Circuit Justice. I find the following facts:

1. That Atterbury, the father, advanced to his son, the partner of Baker, the sum of $10,000, which was not intended as a loan to the partnership, but as an advance to the son by the father, which was no just claim against the insolvent partnership.

2. I find that said Atterbury, the father, also loaned the partnership the further sum of $9,155.25, which was intended by both the father and the members of the partnership as a loan of money to the firm, and which, but for the next finding of fact, would now be a valid claim against the assets of the bankrupt firm in the hands of the assignee.

3. I find that the appellee, Edward J. C. Atterbury, the father, with full knowledge that the sum of $10,000 aforesaid was an advance to his son, and well knowing that he had induced some of the creditors of the firm to extend credit by his statement that this $10,-000 was such an advance, and was not claimed by him as a debt against the firm, did, nevertheless, claim that sum and the $9,155.-25, also, in all the sum of $19,155.25, against the estate of the bankrupts, and did file that claim with the assignee, and did support that claim by a false oath, and did, in support of it. in this suit falsely swear that it was not an advance to his son, but was a just claim against the assets of the firm in the hands of the assignee.

Conclusion of law: And I am of opinion

as a conclusion of law from the foregoing facts, that said Edward J. C. Atterbury, is not entitled to receive from the assignee of said bankrupt partnership any part of said sum of $19,155.25, neither the $10,000, advanced to the son, nor the $9,155.25 actually loaned to the partnership.

The result is that the decree of the district court is reversed, and a decree entered here disallowing said Atterbury's claim as a creditor, and dismissing his claim with costs. Let a decree be entered accordingly.

Decree accordingly.

As to single and entire debts, and divisible demands, see In re Richter [Case No. 11,803].